[No. 13644-2-III.    Division Three.    December 20, 1994.]

CRAIG RETTKOWSKI, ET AL, *Respondents*, v. THE DEPARTMENT OF ECOLOGY, *Appellant*.

*Christine O. Gregoire, Attorney General*, and *Deborah L. Mull, Assistant*, for appellant.

*John C. Riseborough* and *Paine, Hamblen, Coffin; Andrew C. Bohrnsen* and *Lukins & Annis; Philip A. Talmadge* and *Talmadge & Cutler; Robert D. Dellwo*, for respondents.

SCHULTHEIS, J. — After quashing cease and desist orders issued by the Department of Ecology (DOE), the Lincoln County Superior Court awarded attorney fees in favor of Respondents. DOE contends: (1) there is no statutory basis for an award of fees; (2) the narrow exception to the American rule allowing fees in injunction actions is inapplicable; (3) one fee petition was filed out of time; (4) the trial court lacked

authority to award fees for appellate work; (5) the fees awarded are not reasonable; (6) the trial court erred in declining to order discovery and an evidentiary hearing on the fee issue; and (7) an award of extraordinary expenses is not authorized. Respondents request an award of fees on appeal and also have pending a motion to take additional evidence. RAP 9.11. We reach only the first two issues, reverse and remand.

This is one aspect of an ongoing water dispute between cattlemen and farmers in Lincoln County. The underlying facts are set out in *Rettkowski v. Department of Ecology*, 122 Wn.2d 219, 858 P.2d 232 (1993). The Sinking Creek basin, comprising 50,000 acres, is subject to competing uses. The Rosmans, Nelsons and others (Ranchers) own cattle operations and depend on the surface waters of Sinking Creek together with related tributaries and springs for watering their stock. Respondents (Irrigators) are farmers who draw irrigation water from deep wells. In the early-1960's, the Ranchers began complaining the Irrigators' pumping was adversely affecting surface water levels. The problem became worse over the years as irrigation activity increased dramatically throughout the 1970's and 1980's. DOE investigated and determined all users were drawing from the same hydrological unit. The controversy erupted in 1990 when DOE determined the Ranchers had superior rights. Cease and desist orders issued prohibiting the Irrigators from drawing water after October 1, 1990. DOE took this action after ex parte consultation with the Ranchers. The Irrigators were not given an opportunity for input.

The Irrigators appealed to the Pollution Control Hearings Board (PCHB) and PCHB stayed the cease and desist orders. While the appeal was pending, the Irrigators commenced an action in Lincoln County Superior Court seeking to quash the orders. The trial court declined to consider the merits during the pendency of PCHB proceedings, but retained concurrent jurisdiction. In moving to quash before PCHB, the Irrigators raised three issues: (1) DOE had no statutory authority to issue the orders; (2) the orders were invalid on their face; and

(3) the Irrigators had been denied due process of law. On November 1, 1991, PCHB denied the motions finding that DOE was empowered by statute to issue the orders and they were not facially invalid. PCHB declined to reach the constitutional question as being beyond the scope of its jurisdiction.

The Irrigators then returned to superior court. The trial judge determined the PCHB action was sufficiently final on the three issues presented to warrant judicial review. The court stayed further PCHB proceedings, assumed primary jurisdiction, and found the orders facially invalid for lack of compliance with statutory requisites. The court held DOE lacked authority to adjudicate the priorities of competing claims and violated the Irrigators' due process rights. DOE unsuccessfully sought discretionary review, challenging the trial court's jurisdiction in light of the pendency of PCHB proceedings. Upon entry of a final appealable order, the Supreme Court accepted direct review and affirmed on the ultra vires argument. *Rettkowski*. The other two issues were not addressed.

While *Rettkowski* was pending, the Irrigators moved for an award of fees and expenses. The trial court awarded fees pursuant to RCW 90.14.190. In the alternative, fees were awarded pursuant to *Cecil v. Dominy*, 69 Wn.2d 289, 418 P.2d 233 (1966) which carved out an exception to the American rule by treating fees incurred in dissolving a wrongful injunction as an element of damages. The court further found DOE's defense frivolous and awarded fees under RCW 34.05.598 (incorporating RCW 4.84.185 by reference). An appeal followed. The Supreme Court declined to consolidate the two appeals and transferred the fee issue to this court after resolving the underlying merits in *Rettkowski*.

Primary reliance is placed on RCW 90.14.190 as authority for an award of fees. The statute has been cited only once before in a published opinion which involved a relinquishment case. *See generally Sheep Mt. Cattle Co. v. Department of Ecology*, 45 Wn. App. 427, 726 P.2d 55 (1986), *review*

*denied*, 107 Wn.2d 1036 (1987). The statute which the parties interpret very differently provides as follows:

> Any person feeling aggrieved by any decision of the department of ecology may have the same reviewed pursuant to RCW 43.21B.310. In any such review, the findings of fact as set forth in the report of the department of ecology shall be prima facie evidence of the fact of any waiver or relinquishment of a water right or portion thereof. If the hearings board affirms the decision of the department, a party seeks review in superior court of that hearings board decision pursuant to chapter 34.05 RCW, and the court determines that the party was injured by an arbitrary, capricious, or erroneous order of the department, the court may award reasonable attorneys' fees.

RCW 90.14.190.

According to DOE, the second sentence modifies the first, thus limiting applicability to orders relating to "waiver or relinquishment of a water right". According to the Irrigators, the first sentence states the rule and the second does no more than shift the burden of proof to a claimant in cases involving waiver or relinquishment.

The second sentence stands independent of both the first and the third. The second sentence does not limit the term "any decision" to "any decision related to waiver or relinquishment". To so conclude would be to read language into the statute which the Legislature did not place there. "A court may not add words to a statute even if it believes the Legislature intended something else but failed to express it adequately." *Caritas Servs., Inc. v. Department of Social & Health Servs.*, 123 Wn.2d 391, 409, 869 P.2d 28 (1994). The clause in the second sentence, "[i]n any such review", does not serve to bring up the first sentence. DOE urges that RCW 90.14 is concerned solely with waiver and relinquishment orders. RCW 90.14.065 addresses amended claims, not relinquishment.

DOE urges the cease and desist orders were issued pursuant to RCW 43.21A, RCW 43.27A and RCW 90.44 and no agency action was taken pursuant to RCW 90.14. The Irrigators counter that RCW 90.14 played a significant role in this case. Before DOE could issue the orders, the agency would first have to determine priorities, and that is a function of

RCW 90.14. The agency could not purport to regulate without knowing what (and whose) rights were subject to regulation. Earlier in this litigation, before attorney fees were in issue, DOE affirmatively urged that RCW 90.14 formed the basis for its regulatory action. For purposes of this appeal, the relevant decision was not to issue cease and desist orders, but the determination that the Ranchers had superior rights. RCW 90.14.190 was modified in 1987 to delete the term "order" in favor of "decision". The only place in RCW 90.14 where "order" appears is RCW 90.14.130 which provides a water user whose rights have reverted due to nonuse shall be notified by order. "Decision" is thus broader than "order". The Irrigators are "person[s] feeling aggrieved by [a] decision" rendered under RCW 90.14 and it is unnecessary to read additional terms into the statute because the facts of this case supply those terms. RCW 90.14.190.

RCW 90.14.190 does not require that agency action be arbitrary, capricious *and* erroneous. It is enough that it be arbitrary, capricious *or* erroneous. In *Rettkowski*, issuance of the cease and desist orders was erroneous. As to the injury requirement, the Irrigators urge they incurred several hundred thousand dollars in legal fees as a result of the cease and desist orders. There are instances in which attorney fees expended in pursuing or defending against a particular cause of action will be included in the recovery as an element of special damages. *Rorvig v. Douglas*, 123 Wn.2d 854, 861-62, 873 P.2d 492 (1994); *see generally Cecil*. This is not such a case. The American rule applies in Washington. *Bowles v. Department of Retirement Sys.*, 121 Wn.2d 52, 70, 847 P.2d 440 (1993). So does the doctrine of sovereign immunity. *Rains v. State*, 100 Wn.2d 660, 666-68, 674 P.2d 165 (1983); *Accord Soundgarden v. Eikenberry*, 123 Wn.2d 750, 776, 871 P.2d 1050, *cert. denied*, 115 S.Ct. 663, 130 L.Ed 2d 598 (1994). RCW 90.14.190, which waives immunity and is an exception to the American rule, should be held to its terms. *See Fosbre v. State*, 76 Wn.2d 255, 256, 456 P.2d 335 (1969) ("state cannot be sued without its consent and then only in the manner and to the extent

provided by statute"). The Irrigators must show injury beyond incurring legal fees. They will have an opportunity to do so on remand.

■ The award of fees pursuant to RCW 34.05.598 and RCW 4.84.185 was unwarranted. A court cannot pick and choose among those aspects of an action which are frivolous and those which are not. *Biggs v. Vail*, 119 Wn.2d 129, 136, 830 P.2d 350 (1992). The action must be viewed in its entirety and only if it is frivolous as a whole will an award of fees be appropriate. *Biggs*, at 133-37. This division, in applying RCW 4.84.185, has held that an action is frivolous only if brought for purposes of "harassment, delay, nuisance or spite". *Suarez v. Newquist*, 70 Wn. App. 827, 833, 855 P.2d 1200 (1993).

■ An action is frivolous if it "cannot be supported by any rational argument on the law or facts." *Clarke v. Equinox Holdings, Ltd.*, 56 Wn. App. 125, 132, 783 P.2d 82, *review denied*, 113 Wn.2d 1001 (1989). The main issue of this case was DOE's authority to adjudicate competing claims. The assertion of such power was found to be improper. *Rettkowski*, at 226-29. The strong 2-justice dissent suggests that reasonable minds might disagree over the public policy ramifications flowing from the majority opinion. *Rettkowski*, at 234 (Guy, J., dissenting). It would be an extreme view to conclude a party's position is frivolous when several members of the state's highest court would have accepted it.

■ The Irrigators point to RCW 4.84.170 as authority for the proposition that the State is treated like any other civil litigant in assessing costs. "Costs" have a defined meaning. *Colarusso v. Petersen*, 61 Wn. App. 767, 771, 812 P.2d 862, *review denied*, 117 Wn.2d 1024 (1991). "Costs have been narrowly defined in RCW 4.84.010 as a narrow range of expenses . . .". *Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 66, 738 P.2d 665 (1987). " '[C]osts' do not include 'attorney fees'." *Soundgarden*, 123 Wn.2d at 778.

Because we vacate the fee award, there is no need to reach DOE's remaining contentions or the Irrigators' RAP 9.11 motion. The Irrigators' request for fees on appeal is

denied for the same reason the underlying award must be set aside.

Reversed and remanded.

THOMPSON, C.J., and SWEENEY, J., concur.

Review granted at 126 Wn.2d 1022 (1995).