[No. 62718-5.   En Banc.   February 1, 1996.]

CRAIG RETTKOWSKI, ET AL., *Petitioners*, v. THE DEPARTMENT OF ECOLOGY, *Respondent*.

---

*Cutler & Nylander*, by *Robert G. Nylander, Jr.*; *Paine, Hamblen, Coffin, Brooke & Miller*, by *John C. Riseborough* and *Simon R. Collins*; *Robert D. Dellwo* and *Dellwo, Roberts, Scanlon & Seines, P.S.*; *Kraft, Kimbrough & Ganz*, by *Charles A. Kimbrough*; and *Bohrnsen & Owen*, by *Andrew C. Bohrnsen*, for petitioners.

*Stephen K. Eugster* and *Haskell Eugster Law Office*; *Grant D. Parker*; *Christine O. Gregoire, Attorney General*, and *Richard A. Heath, Assistant*; and *Huppin, Ewing, Anderson & Paul, P.S.*, by *Joseph Nappi, Jr.*, for defendants.

*Christine O. Gregoire, Attorney General*, and *Deborah Mull* and *Philip T. McDonald, Assistants*, for respondent.

JOHNSON, J. — The Department of Ecology (Department)

petitioned for review of a Court of Appeals decision allowing for an award of attorneys' fees to several aggrieved eastern Washington irrigation farmers (Irrigators). The Irrigators cross-petitioned for review the part of the decision remanding the case to determine whether the Irrigators had demonstrated an injury distinct from incurring attorneys' fees. We accepted both petitions for review and find (1) RCW 90.14.190 does allow for an award of attorneys' fees in this case, and (2) the Irrigators were injured by the Department, supporting an award of damages under RCW 90.14.190. The Court of Appeals is affirmed in part and reversed in part.

## FACTS

In 1990, the Department ordered several irrigation farmers in Adams County to cease and desist pumping groundwater from the Sinking Creek basin. The orders were issued after several cattle ranchers in the basin complained the surface water was drying up due to the Irrigators' pumping of ground water.[1] After the ranchers complained, the Department determined the Sinking Creek basin no longer could support all the demands for water made by its registered users. Because the Department determined the cattle ranchers had senior water rights, it ordered the Irrigators to cease and desist pumping groundwater.

The Irrigators filed an action challenging the orders before the Pollution Control Hearings Board (PCHB) and filed a motion to quash the orders. The Irrigators argued the Department had illegally conducted an adjudication of water rights contrary to the procedures set forth in RCW 90.03.110-.240 and RCW 90.44.220. The Department asserted it had only regulated existing water rights based on seniority under its authority in RCW 90.03, RCW 90.44, and RCW 43.27A.190. The Department also referred to

---

[1]For a more complete discussion of the underlying facts see *Rettkowski v. Department of Ecology*, 122 Wn.2d 219, 858 P.2d 232 (1993) (*Rettkowski I*).

RCW 90.14 in determining the cattle ranchers had senior water rights, but it did not cite RCW 90.14 for authority in issuing the cease and desist orders. The PCHB denied the Irrigators' motion to quash the orders, finding the Department did have the authority to regulate water resources in this manner under RCW 43.27A.190.

The Irrigators appealed the decision to the Lincoln County Superior Court. The superior court granted the motion to quash the orders finding: (1) the Department had no authority to adjudicate competing water rights; (2) the Department violated the Irrigators' due process rights in issuing the orders; and (3) the orders were invalid on their face.

The Department petitioned for direct review to this court of that decision. We affirmed the trial court's decision holding the Department had acted without authority. *Rettkowski v. Department of Ecology*, 122 Wn.2d 219, 858 P.2d 232 (1993) (*Rettkowski* I).

While the appeal was pending before this court, the Irrigators filed motions in the superior court for awards of attorneys' fees. The Irrigators based their request for attorneys' fees on five separate theories. The trial court found three of those theories supported an award of attorneys' fees in this case: (1) RCW 90.14.190 (attorneys' fees to parties on review of Department water resource decisions if the party was injured by an arbitrary, capricious, or erroneous order of the Department); (2) attorneys' fees incurred in overturning wrongful temporary injunctions (*Cecil v. Dominy*, 69 Wn.2d 289, 418 P.2d 233 (1966)); and (3) RCW 34.05.598 and RCW 4.84.185 (recovery of attorneys' fees for frivolous defense under the Administrative Procedure Act). The trial court limited the award to those fees and costs incurred as a direct result of the action before the court on the three legal issues, excluding expenses incurred by the Irrigators to prove the priority of their water rights. The trial court issued its decision granting attorneys' fees on October 13, 1992, and requested the Irrigators to submit their specific requests for fees.

Notice of presentment of the requests for attorneys' fees was given by the Irrigators on January 12, 1993; the hearing on these requests was set for January 28, 1993. One day prior to the hearing, the Department filed a memorandum objecting to the requests for attorneys' fees and requesting a hearing and additional discovery on the reasonableness of the fee requests. The trial court heard argument on the Department's motion and then held the Department had waived any objections it may have had by waiting until the day before the hearing to raise those objections. Based upon the affidavits submitted by the Irrigators, the trial court awarded the fees requested as reasonable, necessary, and limited as required by its earlier decision. The court awarded attorneys' fees and costs to the Irrigators in the total amount of $197,853.17.

The Department filed a petition for direct review of the attorneys' fees award in this court. We denied the petition and transferred the case to the Court of Appeals.

The Court of Appeals reversed the award of attorneys' fees and remanded for further proceedings. *Rettkowski v. Department of Ecology*, 76 Wn. App. 384, 885 P.2d 852 (1994) (*Rettkowski* II). It found only one of the three grounds cited by the trial court supported an attorneys' fees award in this case, RCW 90.14.190. However, the Court of Appeals also held RCW 90.14.190 required a showing of injury beyond the incurring of attorneys' fees, which the Irrigators had not yet demonstrated. *Rettkowski* II, 76 Wn. App. at 389-90. It remanded the case to the trial court to give the Irrigators the opportunity to prove they had been injured. *Rettkowski* II, 76 Wn. App. at 390-91.

We find the Court of Appeals was correct in determining RCW 90.14.190 applies to the facts of this case and the statute requires a showing of injury beyond the incurring of legal fees. Based on the record before this court, we also find the Irrigators have shown they were injured as required by RCW 90.14.190. Because we hold attorneys' fees are properly awarded under RCW 90.14.190, we do

not reach the second issue raised by the Irrigators of whether attorneys' fees are also proper under the rule from *Cecil v. Dominy*, 69 Wn.2d 289, 417 P.2d 233 (1966).

## ANALYSIS

Washington has long followed the American rule on the award of attorneys' fees. *Rorvig v. Douglas*, 123 Wn.2d 854, 861, 873 P.2d 492 (1994); *State ex rel. Macri v. City of Bremerton*, 8 Wn.2d 93, 102-03, 111 P.2d 612 (1941). The rule states attorneys' fees are not recoverable by the prevailing party as a cost of litigation absent a contract, statute, or recognized ground of equity. *Rorvig*, 123 Wn.2d at 861. In this case, the trial court found RCW 90.14.190 provided a statutory basis for awarding attorneys' fees to the prevailing Irrigators.

The statute reads:

> **Water resources decisions—Appeals—Attorneys' fees.** Any person feeling aggrieved by any decision of the department of ecology may have the same reviewed pursuant to RCW 43.21B.310. In any such review, the findings of fact as set forth in the report of the department of ecology shall be prima facie evidence of the fact of any waiver or relinquishment of a water right or portion thereof. If the hearings board affirms the decision of the department, a party seeks review in superior court of that hearings board decision pursuant to chapter 34.05 RCW, and the court determines that the party was injured by an arbitrary, capricious, or erroneous order of the department, the court may award reasonable attorneys' fees.

RCW 90.14.190. To determine whether this statute applies to the facts of this case, we must answer three questions: (1) what is the scope of Department decisions to which this statute applies; (2) are the Department's decisions and orders at issue in this case within that scope; and (3) if yes, were the Irrigators injured as required by this statute?

### Scope of RCW 90.14.190

The first question is an issue of statutory construc-

tion. Construction of a statute is a question of law which is reviewed de novo. *Waste Management of Seattle, Inc. v. Utilities & Transp. Comm'n*, 123 Wn.2d 621, 627, 869 P.2d 1034 (1994). When a statute is clear and unambiguous on its face, there is no need to resort to methods of statutory construction. *Harris v. Department of Labor & Indus.*, 120 Wn.2d 461, 474, 843 P.2d 1056 (1993). The first sentence of the statute begins, "Any person feeling aggrieved by any decision . . . ." RCW 90.14.190. "Person" is defined in the statute as "an individual, partnership, association, public or private corporation, city or other municipality, county, or a state agency . . . ." RCW 90.14.031(1). The section at issue is titled, "Water resources decisions—Appeals—Attorneys' fees." RCW 90.14.190. The plain language of the section, read in the context of the whole chapter, establishes that any person feeling aggrieved by any water resource decision of the Department is entitled to review of that decision. Because this language is clear and unambiguous, no resort to statutory construction is required.

The Department argues the second sentence of RCW 90.14.190 limits the scope of the statute outlined in the first sentence to only waiver and relinquishment decisions under RCW 90.14. The second sentence reads, "In any such review, the findings of fact as set forth in the report of the department of ecology shall be prima facie evidence of the fact of any waiver or relinquishment of a water right or portion thereof." RCW 90.14.190. The Department reaches its construction by finding the phrase "any such review" to be limited by the later phrase "any waiver or relinquishment decision." Therefore, "any such review" means any review of a waiver or relinquishment decision.

The word "any" is used as a "function word esp[ecially] in interrogative and conditional expressions to indicate one that is not a particular or definite individual of the given category but whichever one chance may select." *Webster's Third New International Dictionary* 97 (1971). Rather than limiting "any such review" to waiver and

relinquishment decisions, the second sentence explains the burden of proof shifts in any review of a water resource decision that happens to be a waiver or relinquishment decision. To read the term "any" as a limiting word is contrary to common sense and its plain meaning. The use of the word "any" broadens, not narrows, the scope of the statute.

■ We hold RCW 90.14.190 applies to any person aggrieved by a water resources decision of the Department, so long as the rest of RCW 90.14.190's requirements are met.

## The Department's Cease and Desist Orders

The next question is whether the orders issued by the Department were water resource decisions within the meaning of RCW 90.14. We first note the orders at issue were not waiver or relinquishment decisions pursuant to RCW 90.14.071, .130-.180. However, as just stated, we find RCW 90.14.190 applies to any water resource decision so long as all of its requirements are met.

At the various stages of this proceeding, the Department asserted statutory authority to issue the cease and desist orders based on RCW 90.03 (water code), RCW 90.44 (regulation of public ground waters), RCW 90.54 (Water Resources Act of 1971), RCW 43.27A.190 (water resource orders), and RCW 43.21A.064 (powers and duties—water resources). Additionally, the Department relied on water claims registered under RCW 90.14 by the cattle ranchers in deciding those claims were senior to those of the Irrigators. All of these statutes implicate decisions made by the Department regarding water resources.

The superior court found the Department had issued the cease and desist orders pursuant to RCW 43.27A.190. It also found the Department had "granted superior status to the RCW 90.14 claims of the cattle ranchers without a judicial adjudication." Clerk's Papers (*Rettkowski* I) at 2175-76.

In *Rettkowski* I, we found the Department had adjudicated the water rights in Sinking Creek basin outside of the context of a general adjudication and without statutory authority. *Rettkowski* I, 122 Wn.2d at 229. Additionally, we stated the Department had relied primarily on RCW 90.03.010, RCW 43.21A.064(3), and RCW 43.27A.190 as authority for issuing the cease and desist orders. *Rettkowski* I, 122 Wn.2d at 226-27. We also recognized the Department had relied on RCW 90.14 in prioritizing the competing claims and then issuing the unlawful orders. *Rettkowski* I, 122 Wn.2d at 228.

█ While the Department had no authority to issue the cease and desist orders in this case, it did rely on several statutes relating to water resources, including RCW 90.14, in deciding to regulate in the manner it did. Therefore, the Department's orders in this case were water resource decisions within the meaning of RCW 90.14.190.

### "Injury"

█ The final issue is whether the injury requirement in RCW 90.14.190 requires proof of injury beyond incurring legal fees. We hold it does require proof of more than incurring legal fees, but proof of an invasion of a legally protected interest meets this requirement.

The Court of Appeals held the statute requires the Irrigators to show an injury beyond incurring attorneys' fees. *Rettkowski* II, 76 Wn. App. at 390. The case was remanded to give the Irrigators the opportunity to make such a showing. The Court of Appeals rationale for this holding is attorneys' fees are not generally recoverable as damages; therefore, to show injury one has to show more than incurring legal fees. *Rettkowski* II, 76 Wn. App. at 389-90. However, the Court of Appeals did not indicate what demonstrates a sufficient injury or define the term "injury."

█ █ The statutory language at issue states: "and [if] the court determines that the party was *injured by* an

arbitrary, capricious, or erroneous order of the department, the court may award reasonable attorneys' fees." RCW 90.14.190 (emphasis added). Ordinary terms are generally to be given their common and ordinary meaning. *State v. Talley*, 122 Wn.2d 192, 213, 858 P.2d 217 (1993). When a term is well known to the common law, the Legislature is presumed to have intended the term to mean what it was understood to mean at common law. *State v. Dixon*, 78 Wn.2d 796, 804, 479 P.2d 931 (1971). The common law definition of "injury" is "[t]he invasion of any legally protected interest of another." *Black's Law Dictionary* 785 (6th ed. 1990).

■ The record in this case establishes the Irrigators were injured in a manner sufficient to meet the requirements of RCW 90.14.190. The Irrigators' legally protected water rights were invaded by the Department, without due process, by orders issued without statutory authority. *See Sheep Mountain Cattle Co. v. Department of Ecology*, 45 Wn. App. 427, 432, 726 P.2d 55 (1986) (awarding attorneys' fees under RCW 90.14.190 when the Department terminated water rights without due process), *review denied*, 107 Wn.2d 1036 (1987). All of the Irrigators were forced to stop irrigating for 10 days and expended considerable amounts of their own time and effort in quashing the cease and desist orders. We hold the invasion of the Irrigators' water rights in this case and in the manner done constitutes injury under this statute as a matter of law; therefore, remand is unnecessary.

In summary, the Irrigators have met all the requirements of RCW 90.14.190. They are persons aggrieved by a water resource decision of the Department. The Irrigators appealed the decision to the PCHB and then to superior court. The superior court found the Irrigators had been injured by an erroneous order of the Department and we affirmed that holding in *Rettkowski* I. We conclude, under the facts of this case, the Irrigators have met all of the

requirements in RCW 90.14.190 and are entitled to an award of attorneys' fees.

## REASONABLE ATTORNEYS' FEES

We must also briefly address the issue of whether the attorneys' fees awarded were reasonable. The Department asserted at the Court of Appeals that the superior court abused its discretion in finding the fees it awarded to be reasonable. Because it vacated the trial court's award, the Court of Appeals did not reach this issue.

■ The reasonableness of an award of attorneys' fees is reviewed by an appellate court on an abuse of discretion standard. *Progressive Animal Welfare Soc'y v. UW*, 114 Wn.2d 677, 688, 790 P.2d 604 (1990). The trial court abuses its discretion only when the exercise of its discretion is manifestly unreasonable. *Progressive Animal Welfare Soc'y*, 114 Wn.2d at 688-89.

In this case, the trial court found the Department waived any right it had to further discovery or an evidentiary hearing on the issue of attorneys' fees by failing to request such or object in a timely manner. On appeal, the Department has failed to demonstrate that the superior court was manifestly unreasonable in making this finding or in awarding $197,853.17 in fees and costs based on the various affidavits submitted by the parties. In the absence of such a showing by the Department, we cannot find the superior court abused its discretion in awarding attorneys' fees. We affirm the trial court's award of $197,853.17 for attorneys' fees and costs as reasonable. We also grant the Irrigators' request for attorneys' fees on appeal, in an amount to be determined by the Commissioner pursuant to RAP 18.1.

## CONCLUSION

We affirm the Court of Appeals in finding RCW 90.14.190 provides grounds for an award of attorneys' fees in this

case, and that RCW 90.14.190 requires a showing of injury beyond incurring attorneys' fees. We reverse the Court of Appeals decision vacating the award of attorneys' fees and remanding for trial to prove injury, and find the record demonstrates the Irrigators were injured within the meaning of RCW 90.14.190.

DURHAM, C.J., and DOLLIVER, SMITH, and GUY, JJ., concur.

MADSEN, J. (dissenting in part) — Although it is debatable whether RCW 90.14.190 was intended to apply to the circumstances of this case, I concur in the majority's result both because the language "any decision of the department of ecology" (RCW 90.14.190) is extremely broad and because it makes little sense to award attorney fees when the erroneous decision of the department pertains to an area in which it has authority to act but not when the department exceeds its authority to make the decision complained of.

I disagree with the majority, however, that the Legislature intended the award of attorney fees where the only harm suffered is the erroneous decision. Had the Legislature meant that the erroneous decision *is the injury* which triggers the attorney fee provision, then the additional requirement that the court find an injury resulting from the erroneous decision is mere surplusage. Statutes should not be interpreted to render any portion superfluous. *Lutheran Day Care v. Snohomish County*, 119 Wn.2d 91, 104, 829 P.2d 746 (1992), *cert. denied*, 506 U.S. 1079, 113 S. Ct. 1044 (1993); *Progressive Animal Welfare Soc'y v. University of Washington*, 125 Wn.2d 243, 260, 884 P.2d 592 (1994). Moreover, the majority's construction of the statute *completely* abrogates the American rule of attorney fees by allowing the recovery of fees as damages. *See Rorvig v. Douglas*, 123 Wn.2d 854, 861, 873 P.2d 492 (1994) (recognizing exception to American rule permitting attorney fees to be recovered as damages in slander of title action, while adhering to American rule as general rule).

I would find that the Court of Appeals was correct in remanding the case to determine whether there was any actual harm, beyond the incurring of attorney fees.

PEKELIS, J. Pro Tem., concurs with MADSEN, J.