997 P.2d 977 (2000)
100 Wash.App. 526
DEPARTMENT OF LABOR & INDUSTRIES OF the STATE OF WASHINGTON, Appellant,
v.
W. Carl ALLEN, M.D., Respondent.
No. 43705-4-I.
Court of Appeals of Washington, Division 1.
April 24, 2000.
*978 Beverly Norwood Goetz, Assistant Attorney General, Seattle, for Appellant.
Peter Moote, Peter Moote & Associates, Freeland, for Respondent.
COX, J.
At issue is whether the Department of Labor and Industries (DLI) is authorized to recover payments it made to Dr. W. Carl Allen for health services he performed for industrially injured workers. The payments were for medical care that was "proper and necessary" for Dr. Allen's patients.[1] But DLI's audit of Dr. Allen's records showed that he violated certain "medical aid rules," which are codified in the Washington Administrative Code.
We hold that the plain meaning of the governing statutes mandates recovery from Dr. Allen of the "excess" payments to which he was not entitled plus statutory interest.[2] Accordingly, we reverse the superior court's order holding that DLI does not have authority to recover the payments at issue. We also reverse the denial of DLI's motion for summary judgment, and grant the motion in its favor.
Dr. Allen provided medical services to injured workers whose medical treatment is covered by the Industrial Insurance Act. He submitted to DLI written requests for payment for the services together with supporting documentation. DLI paid Dr. Allen based on his written submissions.
In 1994, DLI audited a random sample of Dr. Allen's records.[3] The records covered services performed during the three year period between December 30, 1990 and December 29, 1993. Counsel for DLI represented to this court at oral argument that the types of records audited were more extensive and detailed than the information that Dr. Allen had provided with his submissions for payment.
Based on the audit, DLI made certain factual findings. These findings were the bases for DLI concluding that Dr. Allen violated certain medical aid rules.[4]
*979 Based on the findings and applying the governing provisions of the WAC to those findings, DLI ordered Dr. Allen to refund excess payments in the amount of $48,367.83 plus statutory interest.
Dr. Allen appealed DLI's order to the Board of Industrial Insurance Appeals (BIIA). The Board substantially affirmed DLI's decision. Dr. Allen then appealed BIIA's decision to the King County Superior Court. The superior court held that DLI did not have authority to recover the payments. It also denied DLI's summary judgment motion.
DLI appeals both orders of the superior court.

Entitlement to Payment
DLI argues that because Dr. Allen violated medical aid rules set forth in the WAC, he was "not entitled" to payments he received for treating injured workers. According to DLI, it is entitled to recover those payments plus statutory interest. We agree.
When reviewing an agency order, we apply the error of law and substantial evidence standards.[5] We may substitute our own judgment for that of the agency regarding issues of law, but we give great weight to the agency's interpretation of the law it administers.[6] On mixed questions of law and fact, we determine the law independently and then apply it to the facts as found by the agency.[7] Unchallenged findings of fact are verities on appeal.[8]
In Dep't of Labor & Indus. v. Kantor, Division II of this court recently considered the question of whether RCW 51.48.260 authorizes the Department to recover "excess" payments where an osteopath had been paid for medical care that DLI later determined was not "proper and necessary."[9] Unlike this case, there was no indication in Kantor that the doctor had violated billing procedures.[10] Rather, that case involved the provision of medical treatment that had allegedly violated the standard of care for osteopathic physicians and that was unnecessary.[11]
This case presents a different situation. Here, it appears that Dr. Allen provided medical care that was "proper and necessary."[12] DLI contends that Dr. Allen violated the billing procedures by failing to comply with certain medical aid rules specified in the WAC. Thus, we must decide whether DLI has the authority to recover payments under these circumstances.
The construction of a statute is a question of law that we review de novo.[13] The scope of the statute is determined by examining the relevant statutory language.[14] We do not construe a statute that is clear and unambiguous on its face.[15] If, however, the statute is ambiguous, we construe it to give effect to the legislative intent.[16] Statutes are construed as a whole, to give effect to all the language and to harmonize all provisions.[17]
*980 DLI's authority to audit records is based on RCW 51.36.110. But its ability to recover excess payments is based on RCW 51.48.260, which states:
Any person, firm, corporation, partnership, association, agency, institution, or other legal entity, but not including an industrially injured recipient of health services, that, without intent to violate this chapter, obtains payments under Title 51 RCW to which such person or entity is not entitled, shall be liable for: (1) Any excess payments received; and (2) interest on the amount of excess payments at the rate of one percent each month for the period from the date upon which payment was made to the date upon which repayment is made to the state.
In Kantor, Division II of this court essentially held that DLI's payment of the bills the doctor submitted was irrelevant to the question of whether Dr. Kantor was entitled to the payments. Rather, it focused on legal and common definitions of the statutory word "entitled":
A legal definition of "entitle" is "to give a right or legal title to" something. Black's Law Dictionary 477 (5 th ed.1979). A more common meaning is to "furnish with proper grounds for seeking or claiming something." Webster's Third New International Dictionary 758 (3d ed.1969).[[18]]
The court concluded that because Dr. Kantor's treatment was medically unnecessary, he had no legal right to payment for that treatment. Accordingly, he was not "entitled" to the payments he received and was liable for the "excess payments" plus interest. In so holding, the court held that "excess" payments were payments to which a recipient is "not entitled."
The same underlying rationale applies here. The factual findings of the BIIA are unchallenged and are thus verities on appeal. Those findings establish that Dr. Allen violated the medical aid rules that are set forth in the WAC. Some of the violations were for providing biofeedback treatment through a technician, where neither Dr. Allen nor the technician was independently certified by proper authority to provide such treatment. Other violations were for using billing codes that Dr. Allen was not authorized to use and billing for unauthorized services.
The statutory framework makes no distinction between these types of violations of the medical aid rules in terms of the remedy. Both types of violations require that DLI recover the excess payments. And the fact that Dr. Allen provided treatment that was "proper and necessary" is irrelevant. That fact does not preclude the remedy of repayment.
There is no controlling authority that dictates a different result.[19] We are not bound by erroneous interpretations of the law, notwithstanding the fact that the interpretation comes from the administrative agency with jurisdiction.[20]
In short, Dr. Allen received excess payments to which he was not entitled. He must reimburse DLI for those payments plus statutory interest.

Provider Application
There is an additional and independent basis for our decision. DLI argues that Dr. Allen is contractually bound to refund excess payments that are received in violation of the medical aid rules. We agree.
WAC 296-20-020 states, in part, that the "rendering of treatment to [an industrially injured] worker..., constitutes acceptance of the department's medical aid rules and compliance with its rules and fees."[21] The provider application memorializes that policy by stating that by participating in the Industrial Insurance Act, the provider acknowledges, among other things, that "[h]ealth care services *981 are provided pursuant to Title 51, RCW, Chapter 296-20 WAC and policies adopted by the department"; that "[p]ayments will be made according to the `Medical Aid Rules and Maximum Fee Schedules' manual"; and that "[i]n the event that a provider receives payment from the department in error or in excess of the amount properly due under the applicable rules and procedures, the provider will promptly refund to the department or self-insurer any excess monies so received."[[22]]
By signing the application, Dr. Allen accepted the terms of participating as a provider under the Industrial Insurance Act. Among those terms is the obligation to refund excess payments to which he was not entitled. That amount plus statutory interest must, under the terms of the contract and governing law, be repaid.
We reverse the trial court orders that DLI appeals, and grant summary judgment to DLI.
WEBSTER, J., and AGID, J., concur.
NOTES
[1] See RCW 51.36.010.
[2] RCW 51.48.260; Washington State Dep't of Labor & Indus. v. Kantor, 94 Wash.App. 764, 973 P.2d 30 (1999), review denied, 139 Wash.2d 1002, 989 P.2d 1139 (1999).
[3] RCW 51.36.110 provides, in relevant part, that: "The director of the department of labor and industries or the director's authorized representative shall have the authority to: (1) Conduct audits and investigations of providers of medical, chiropractic, dental, vocational, and other health services furnished to industrially injured workers pursuant to Title 51 RCW. In the conduct of such audits or investigations, the director or the director's authorized representatives may examine all records, or portions thereof, including patient records, for which services were rendered by a health services provider and reimbursed by the department, notwithstanding the provisions of any other statute which may make or purport to make such records privileged or confidential:..."
[4] In substance, DLI found that: (1) Contrary to WAC XXX-XX-XXXX and XXX-XX-XXX, Dr. Allen provided biofeedback treatments to injured workers through a technician, where neither Dr. Allen nor the technician was independently certified by proper authorities to provide such treatment; (2) Contrary to WAC 296-21-095, Dr. Allen improperly billed and was paid for physical medicine in excess of six visits for each claimant reviewed in the audit; and (3) Contrary to WAC 296-21-095, Dr. Allen used billing codes that he was not authorized to use to obtain payment for treatment he provided. He also billed for unauthorized services. There was an additional finding by DLI that is not relevant to this appeal.
[5] Kantor, 94 Wash.App. at 772, 973 P.2d 30.
[6] Kantor, 94 Wash.App. at 772, 973 P.2d 30.
[7] Kantor, 94 Wash.App. at 772, 973 P.2d 30.
[8] Kantor, 94 Wash.App. at 772, 973 P.2d 30.
[9] Kantor, 94 Wash.App. at 774, 973 P.2d 30; WAC 296-20-010(8).
[10] Kantor, 94 Wash.App. at 774, 973 P.2d 30.
[11] Kantor, 94 Wash.App. at 774, 973 P.2d 30.
[12] RCW 51.36.010; WAC 296-20-01002 (generally defining "medically necessary" treatment).
[13] Rettkowski v. Dep't of Ecology, 128 Wash.2d 508, 515, 910 P.2d 462 (1996).
[14] Superior Asphalt & Concrete Co. v. Dep't of Labor & Indust., 84 Wash.App. 401, 406, 929 P.2d 1120 (1996).
[15] State v. McCraw, 127 Wash.2d 281, 288, 898 P.2d 838 (1995).
[16] State v. Elgin, 118 Wash.2d 551, 555, 825 P.2d 314 (1992).
[17] City of Seattle v. Fontanilla, 128 Wash.2d 492, 498, 909 P.2d 1294 (1996).
[18] Kantor, 94 Wash.App. at 775, 973 P.2d 30.
[19] The BIIA appears to have decided this question differently in at least two matters. See In re Gary Burner, BIIA 91 P045 (1992); In re Clifford J. Johnson, BIIA 91 P045 (1995) (deciding that once DLI pays for medical services that it has conclusively decided whether the recipient is "entitled" to payment, and DLI may not recover payment after that).
[20] City of Redmond v. Central Puget Sound Growth Management Hearings Bd., 136 Wash.2d 38, 46, 959 P.2d 1091 (1998).
[21] (Italics ours.)
[22] (Italics ours.)