IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| TALINA JONES, an individual, TIM HATCHETT, an individual, and all those similarly situated, | ) ) ) ) | No. 38883-2-III |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| WINDERMERE REAL ESTATE SERVICES CO., d.b.a. WINDERMERE SERVICES CO., a Washington corporation; WINDERMERE EQUITY BROKERS, d.b.a., Windermere Property Management, a Washington limited liability company; THOMAS FLANIGAN, an individual; TIMOTHY TODD, an individual; and each individual's marital community, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondent. | ) | |

STAAB, J. — Tim Hatchett appeals from the trial court's award of attorney fees. On appeal, he argues that the trial court abused its discretion in setting his attorney's hourly rate when awarding fees. Hatchett also requests his attorney fees on appeal. We disagree with Hatchett and decline his request for attorney fees.

No. 38883-2-III
*Jones, et al v. Windermere Equity Brokers, LLC, et al*

I.  FACTS

Talina Jones and Tim Hatchett filed suit against their former landlords,

Windermere Real Estate Services Co. and Windermere Equity Brokers (collectively

Windermere).[1]  Jones and Hatchett asserted that Windermere failed to provide timely,

full, and final deposit dispositions and refunds due to them.

After their petition for class certification was denied, Windermere made separate

CR 68 offers to Hatchett and Jones.  The offers to both included "reasonable attorney's

fees and costs, to be determined by the Court."  The plaintiffs then moved for entry of

judgment and an award of reasonable attorney fees and costs.  In their declarations, the

former tenants' attorneys noted that they represented the former tenants on a contingency

basis.

The trial court issued a written ruling calculating the fee award.  In the decision,

the trial court determined reasonable attorney fees by considering the hourly rates of the

three attorneys for the former tenants.  The trial court discounted the requested rates of

the former tenants' three attorneys from $400/$325/$325 to $300/$300/$275.  In doing

so, the trial court noted that the hourly rates of comparable defense attorneys were

between $250 and $300.  The trial court also noted that the issues in the case were

---

[1] Unless otherwise noted, the facts in this case are from this court's decision in
*Jones v. Windermere Real Estate Services Co.*, No. 37614-1-III (Wash. Ct. App. Aug. 24,
2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/376141_unp.pdf.

2

straightforward, especially because one of the attorneys was familiar with the statute.
The trial court's decision did not acknowledge that the hourly rates for the plaintiffs'
attorneys may have been higher because of the contingent nature of the fee.

Hatchett appealed and raised several issues, including the award of attorney fees,
arguing that the trial court had failed to consider the contingent nature of the case when
determining a reasonable hourly rate. We agreed and remanded for the trial court to
reconsider the question of reasonable hourly rates in light of the contingent nature of the
case:

> [T]he trial court reduced the rates charged by the former tenants' attorneys
> to the rates charged by attorneys with comparable experience but paid on an
> hourly basis, win or lose. In so doing, the court failed to recognize that the
> rates of the former tenants' attorneys were justifiably higher to reflect the
> contingent nature of recovery. We remand for the trial court to consider
> this and the above-quoted language from Bowers.

*Jones v. Windermere Real Est. Servs. Co.*, No. 37614-1-III, slip op. at 3 (Wash. Ct. App.
Aug. 24, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/376141
_unp.pdf.

On remand, the trial court held a status conference. While suggesting that its prior
decision took into account the case's contingent nature, the court sought further guidance.
Specifically, the court indicated it was not clear whether to provide more clarification on
its prior decision or whether our opinion was mandating a higher hourly rate. The trial

court initially requested briefing from the parties on the issue but later struck the scheduled briefing.[2]

The trial court then issued a decision clarifying that it had, in its previous decision, considered the contingent nature of the case and, as a result, had awarded a greater hourly rate than it otherwise would have. The trial court stated that it had also considered other factors, including the straightforward nature of landlord-tenant deposit recovery claims and the fact that three lawyers were involved in the case. It also noted that the lawyers were familiar with the statute at issue and knew the case was straightforward. The trial court then found that the hourly rate it had previously awarded for each of the attorneys was reasonable.

Hatchett appeals.

## II.   ANALYSIS

Hatchett argues that the trial court abused its discretion in decreasing his attorneys' requested hourly rate. We disagree.

We review the reasonableness of an award of attorney fees for an abuse of discretion. *Rettkowski v. Dep't of Ecology*, 128 Wn.2d 508, 519, 910 P.2d 462 (1996). A superior court abuses its discretion when it "exercises it on untenable grounds or for

---

[2] Although the trial court's decision to strike the scheduled briefing is not a part of the record on appeal, both parties agree this occurred.

untenable reasons." *Berryman v. Metcalf*, 177 Wn. App. 644, 657, 312 P.3d 745 (2013).
The burden of demonstrating the reasonableness of attorney fees is on the party requesting the fees. *Id.*

Washington courts use the "lodestar" method to determine the reasonableness of an attorney's rate. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 593-94, 675 P.2d 193 (1983). RPC 1.5(a)(1) lists several factors that should be considered in determining the reasonableness of an attorney's hourly rate. RPC 1.5(a)(8) states that the contingent nature of a case should be considered in determining whether an attorney's hourly rate is reasonable.

Hatchett contends that our prior decision *required* the trial court to accept the higher rate and precluded the court from adjusting the rate downward. We disagree with this contention. Our prior decision remanded the attorney fees issue so that the trial court could *consider* the issue in light of the contingent nature of the case. It did not, as Hatchett suggests, require the trial court to accept the requested rate; such a directive would not have been a proper exercise of this court's reviewing authority under the abuse of discretion standard.

On remand, the trial court clarified that it considered the contingent nature of the case along with other factors, including the straightforward nature of the claims involved, the use of three attorneys, the experience of the attorneys involved, the presence of a fee-shifting statute, and "a myriad of factors briefed and argued by the parties." Clerk's

Papers at 831. After consideration of these factors, the trial court applied an hourly rate lower than requested by counsel. Therefore, the trial court complied with this court's decision.

Hatchett additionally claims that the trial court improperly justified its decision to lower the hourly rate by noting that the action involved three lawyers. Hatchett argues that while the use of three lawyers could have impacted the reasonableness of the total hours spent on the case, it should not have impacted the reasonableness of any particular attorney's hourly rate. However, our Supreme Court has determined that "duplicative efforts" may be considered by a court in determining whether an hourly rate is reasonable. *Brand v. Dep't of Lab. and Indus.*, 139 Wn.2d 659, 674, 989 P.2d 1111 (1999) (citing RPC 1.5(a)). Thus, we disagree with this argument.

Hatchett argues that, contrary to the trial court's decision, nothing in the record indicated that this case was simple since Windermere "vigorously contested every aspect of the [p]laintiff's claims," and those claims were among the first to be brought in a Washington court under the statutory notice rule. Br. of Appellant at 11. Hatchett also claims that the trial court improperly justified lowering the hourly rate, partly because the attorneys involved were familiar with the statute in question. The trial court relied on

6

similar facts to support its first decision regarding attorney fees.[3] As a result, Hatchett could have raised these issues in his first appeal, but he did not. Accordingly, we decline to address these arguments. *State v. Sauve*, 33 Wn. App. 181, 184-85, 652 P.2d 967 (1982) (this court will not consider issues that could have been raised in a prior appeal in the same case but were not).

Hatchett also argues that the trial court should have awarded fees at the requested rate because it awarded fees at a comparable rate in another case that the trial court had decided, and the trial court referred to that case in its decision. Hatchett does not attempt to explain how the trial court's decision in another case amounted to an abuse of discretion here. Therefore, this argument fails.

In sum, we determine that the trial court did not abuse its discretion in lowering the attorney fees rates from the requested amount and affirm the attorney fees award.

Hatchett argues that he is entitled to attorney fees on appeal under RCW 59.18.280(2), which provides for attorney fees to the "prevailing party." As Hatchett is not the prevailing party, we decline to award him attorney fees.

---

[3] In its first decision, the trial court only noted that one of the attorneys was familiar with the statute, while it noted that each of the lawyers was familiar with the statute in its second decision. However, this does not change the fact that Hatchett could have but failed to raise this argument in his first appeal.

No. 38883-2-III
*Jones, et al v. Windermere Equity Brokers, LLC, et al*


Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, A.C.J.