[No. 14978-1-III.  Division Three.  April 29, 1997.]

DELBERT L. WHEELER, *Appellant*, v. THE DEPARTMENT OF LICENSING, *Respondent*.

*David P. Hazel* and *Hazel & Hazel*; and *Robert S. Young III* and *Dobbs & Young Law Office*, for appellant.

*Christine O. Gregoire, Attorney General*, and *James T. Schmid, Assistant*, for respondent.

SWEENEY, C.J. — In this habitual traffic offender proceeding, we are asked to decide whether traffic convictions by a tribal court should be included in the 20 convictions required before the State can suspend a driver's license under the habitual traffic offender statute. *See* RCW 46.65.020(2). We conclude that they can and affirm the trial court.

A habitual traffic offender is anyone who has been convicted of 20 or more traffic infractions "that are required to be reported to the department of licensing . . . ." RCW 46.65.020(2). The habitual traffic offender statute references those state convictions or findings which satisfy the habitual traffic offender requirements. RCW 46.65.020; *see also* RCW 46.20.270. Under the statute the same offenses are "deemed to include offenses under any valid town, city, or county ordinance substantially conforming" to the state statutes cited "and any federal law, or any law of another state, including subdivisions thereof, substantially conforming to the aforesaid state statutory provisions." RCW 46.65.020(2).

Mr. Wheeler committed 21 traffic offenses between May 4, 1989, and May 4, 1994. Those offenses included two Yakima Indian Nation Tribal Court convictions for speeding. The superior court upheld an administrative law judge's revocation of his license. He appeals.

## DISCUSSION

██ ██ Interpretation of a statute is a question of law and review is therefore de novo. *Schreiner v. City of Spokane*, 74 Wn. App. 617, 621, 874 P.2d 883 (1994). We

need not construe a statute which is unambiguous. *Food Servs. of Am. v. Royal Heights, Inc.*, 123 Wn.2d 779, 784-85, 871 P.2d 590 (1994). This statute is ambiguous and requires construction. The expansive list of qualifying offenses includes those offenses that Mr. Wheeler was convicted of. But tribal courts are not required to report traffic offenses to the Department of Licensing. And tribal courts are not specifically listed in that portion of the habitual traffic offender statute which expands the listed offenses beyond state offenses to "offenses under any valid town, city, or county ordinance substantially conforming . . . ." RCW 46.65.020(2).

When interpreting a statute, we are guided by a number of rules of construction. First, and foremost, we construe the statute in a way which best effects the legislative intent. *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996). Accordingly, " '[t]he spirit or purpose of an enactment should prevail over the express but inept wording.' " *State v. Elgin*, 118 Wn.2d 551, 555, 825 P.2d 314 (1992) (quoting *State v. Day*, 96 Wn.2d 646, 648, 638 P.2d 546 (1981)). We must also look to the intent of the statute as a whole rather than a particular word or phrase. *State v. Krall*, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994). The question then is did the Legislature intend to include tribal court convictions?

We begin by reviewing the policy of this statute. Unlike RCW 46.65.020, the purpose for the overall statutory scheme (RCW 46.65) is clear:

(1) To provide maximum safety for all persons who travel or otherwise use the public highways of this state; and

(2) To deny the privilege of operating motor vehicles on such highways to persons who by their conduct and record have demonstrated their indifference for the safety and welfare of others and their disrespect for the laws of the state, the orders of her courts and the statutorily required acts of her administrative agencies; and

(3) To discourage repetition of criminal acts by individuals

against the peace and dignity of the state and her political subdivisions and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who have been convicted repeatedly of violations of traffic laws.

RCW 46.65.010.

■ ■ The statute's purpose is to protect the public in using the highways; it is not to punish. *State v. Scheffel*, 82 Wn.2d 872, 879, 514 P.2d 1052 (1973). Since the statute affords a civil remedy for enforcing the public's right to safe highways, the statute is inherently remedial. *See State v. Von Thiele*, 47 Wn. App. 558, 562, 736 P.2d 297, *review denied*, 108 Wn.2d 1029 (1987). Construction of the habitual traffic offender statute then is liberal in favor of the legislative purpose. *State v. Pike*, 118 Wn.2d 585, 591, 826 P.2d 152 (1992).

■ Mr. Wheeler's first challenge is that his tribal court convictions should not be included because the tribe is not required to report those offenses. He in effect urges that the language "required to be reported" is a limitation on those jurisdictions whose convictions should be included. It is not.

When read in context, this language simply limits the type of offenses which must be reported to the Department of Licensing to serious traffic offenses—those "required to be reported." Our reading is bolstered by the very next sentence in the statute which excludes "convictions or findings for any nonmoving violation." RCW 46.65.020(2). The purpose of this language then is to limit the type of offense, not those jurisdictions in which the offenses were committed. If the convictions are valid, then the jurisdiction in which they were entered should not make a difference for the purpose of the habitual traffic offender statute.

■ ■ Mr. Wheeler next argues that the Legislature's failure to include *tribal courts* in the list of jurisdictions, whose convictions should be included, suggests a legisla-

tive intent not to include tribal court convictions. We disagree.

At issue is that section of the habitual traffic offender statute which provides that

> [t]he offenses included in subsections (1) [listing various state traffic offenses] and (2) [requiring 20 or more reportable traffic convictions] of this section are *deemed to include offenses* under any valid town, city, or county ordinance substantially conforming to the provisions cited in subsections (1) and (2) or amendments thereto, and any federal law, or any law of another state, including subdivisions thereof, substantially conforming to the aforesaid state statutory provisions.

RCW 46.65.020(2) (emphasis added).

We focus on the words "deemed to include offenses." The question is whether the term "include" introduces an exhaustive list of those jurisdictions, or whether instead those words allow for other unstated jurisdictions. Generally, the term "include" is construed as a term of enlargement, not as a term of limitation. *Queets Band of Indians v. State*, 102 Wn.2d 1, 4, 682 P.2d 909 (1984). When we consider the purpose of the statute—to improve highway safety by removing habitual traffic offenders—and give the statute a liberal construction, we conclude that the listed jurisdictions here are not exclusive. It therefore would include any other valid convictions for the recited traffic offenses, including tribal court convictions.

## CONCLUSION

In sum, we conclude that the purpose of the habitual traffic offender statute is best served by a liberal construction. The tribal convictions here were validly entered, represent the precise kind of conduct that the habitual traffic offender statute focuses on, and were properly included by the Department of Licensing in revoking Mr. Wheeler's license.

The decision of the trial court is affirmed.

THOMPSON and SCHULTHEIS, JJ., concur.