[No. 20899-7-II.    Division Two.    November 21, 1997.]

THE STATE OF WASHINGTON, *Petitioner*, v. CRAIG T. THIESSEN, ET AL., *Respondents*.

*H. Steward Menefee, Prosecuting Attorney*, and *Loren D. Oakley, Deputy*, for petitioner.

*Chris L. Matson*; *Natalie R. de Maar*; and *Christine O. Gregoire, Attorney General*, and *Gregory P. Canova, Assistant*, for respondents.

SEINFELD, J. — Arguing self-defense, Craig Thiessen successfully defended himself against criminal assault charges. Following RCW 9A.16.110(2), the trial court then awarded Thiessen $3,250 reimbursement for defense costs and expenses. In addition, it awarded him statutory interest. The State appeals the interest award and Thiessen concedes error. We agree that neither RCW 9A.16.110, RCW 4.56.110, nor RCW 4.56.115 requires the State to pay interest under these circumstances. Thus, we reverse.

■ The doctrine of sovereign immunity requires the State's consent before a court can hold it liable for interest on its debts. *Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 455-56, 842 P.2d 956 (1993) (county not entitled to interest on award reimbursing it for inmate's medical expenses because no statute or contract indicates State's consent to liability for interest). A statutory waiver of sovereign immunity as to interest will apply only in those circumstances specifically delineated by statute. *Shum v. Department of Labor & Indus.*, 63 Wn. App. 405, 411, 819 P.2d 399 (1991). We do not read into a statute provisions that are not there; nor do we modify a statute by construction. *Shum*, 63 Wn. App. at 409 (absent express statutory provision, the State has not consented to liability for prejudgment interest on claim for industrial insurance benefits).

■ Neither RCW 4.56.110, which provides for interest on judgments generally, nor RCW 9A.16.110(2), which provides for self-defense reimbursement, authorize interest on reimbursement awards.[1] Further, RCW 4.56.115, which contains a limited waiver of immunity for interest, applies only to "judgments founded on the tortious conduct of the [S]tate."[2] A self-defense reimbursement award is not a "judgment" against the State, but rather is a "sundry claim" subject to the Legislature's discretion under RCW 4.92.040(5). *See City of Seattle v. Fontanilla*, 128 Wn.2d

---

[1]RCW 9A.16.110(2) provides:

When a person charged with a crime listed in subsection (1) of this section is found not guilty by reason of self-defense, the state of Washington shall reimburse the defendant for all reasonable costs, including loss of time, legal fees incurred, and other expenses involved in his or her defense. *This reimbursement is not an independent cause of action.* To award these reasonable costs the trier of fact must find that the defendant's claim of self-defense was sustained by a preponderance of the evidence. If the trier of fact makes a determination of self-defense, the judge shall determine the amount of the award.

(Emphasis added).

[2]RCW 4.56.115 provides: "Judgments founded on the tortious conduct of the state of Washington or of the political subdivisions, . . . shall bear interest from the date of entry at the maximum rate permitted under RCW 19.52.020 . . . ."

492, 505-06 n.6, 909 P.2d 1294 (1996). Nor was the self-defense interest awarded here "founded on the [State's] tortious conduct" or based upon an "independent cause of action." *See* RCW 9A.16.110. Thus, the waiver of sovereign immunity in RCW 4.56.115 is not applicable here.

Because the Legislature has not waived the State's sovereign immunity for interest on self-defense reimbursement awards, we reverse the trial court's award of interest.

MORGAN and HUNT, JJ., concur.