[No. 21689-2-II.    Division Two.    June 25, 1999.]

THE STATE OF WASHINGTON, *Petitioner*, v. THOMAS LEE, *Respondent*.

*John W. Ladenburg, Prosecuting Attorney, John Scott Blonien, Assistant*, and *Kathleen Proctor, Deputy*, for petitioner.

*Laurason Taylor Hunt* and *Joseph Taylor Hunt*, for respondent.

HOUGHTON, J. — The State appeals from an award

reimbursing Thomas Lee for attorney fees, costs, and interest he incurred in defending a fourth degree assault charge. We hold that the district and superior courts correctly awarded attorney fees and costs under RCW 9A.16.110, the "self-defense reimbursement statute,"[1] but incorrectly awarded interest. Thus, we affirm in part, reverse in part, and remand for further proceedings.

## FACTS

In September 1995, the State charged Lee with assault in the fourth degree based upon allegations of domestic violence. After a district court trial on a charge of fourth degree assault,[2] the jury found Lee not guilty and, by special interrogatory, further found that he acted in self-defense. The district court awarded Lee $18,624.64[3] under RCW 9A.16.110 and taxed 12 percent postjudgment interest on the award.

■ The State appealed the award to the superior court. The superior court affirmed the district court, awarded Lee $3,770.56 in additional attorney fees and costs for the appeal, and taxed 12 percent postjudgment interest on both the district and superior court awards.

## ANALYSIS
### RCW 9A.16.110—The Self-Defense Reimbursement Statute[4]

■ Before its 1995 amendment, former RCW 9A.16.110 provided, in pertinent part:

---

[1]*State v. Jones*, 92 Wn. App. 555, 564, 964 P.2d 398 (1998).

[2]RCW 9A.36.041 Assault in the fourth degree, provides that:

(1) A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another.

(2) Assault in the fourth degree is a gross misdemeanor.

[3]The award included $17,100 in attorney fees, $684.64 in costs, and $840 in lost wages.

[4]As a preliminary matter, Lee argues the State did not raise this issue before the lower courts and, therefore, we should decline to review it. Although we could

(1)   No person in the state shall be placed in legal jeopardy of any kind whatsoever for protecting by any reasonable means necessary, himself or herself, his or her family, or his or her real or personal property, or for coming to the aid of another who is in imminent danger of or the victim of assault, robbery, kidnapping, arson, burglary, rape, murder, or any other heinous crime.

(2)   When a substantial question of self-defense in such a case shall exist which needs legal investigation or court action for the full determination of the facts, and the defendant's actions are subsequently found justified under the intent of this section . . . .

Former RCW 9A.16.110, LAWS OF 1989, ch. 94.

In 1995, the Legislature amended subsection (1) of the statute deleting the last phrase "or any other heinous crime" and replacing it with "or any other violent crime as defined in RCW 9.94A.030."[5] The Legislature further amended subsection (2) replacing the first portion with

---

decline to review this issue on appeal because the State did not object below, RAP 2.5(a), in the interests of justice, we will review the lower courts' reimbursement awards as this case involves an issue of public importance. *See State v. Card*, 48 Wn. App. 781, 784, 741 P.2d 65 (1987) (courts may consider issues for first time on appeal in interests of justice); *see also In re Marriage of Wendy M.*, 92 Wn. App. 430, 434, 962 P.2d 130 (1998) (because RAP 2.5(a) is permissive in nature and does not automatically preclude review of an issue not raised below, court has discretion to review such an issue on appeal).

[5]Under RCW 9.94A.030(38), violent offense means:

(a)   Any of the following felonies, as now existing or hereafter amended: Any felony defined under any law as a class A felony or an attempt to commit a class A felony, criminal solicitation of or criminal conspiracy to commit a class A felony, manslaughter in the first degree, manslaughter in the second degree, indecent liberties if committed by forcible compulsion, kidnapping in the second degree, arson in the second degree, assault in the second degree, assault of a child in the second degree, extortion in the first degree, robbery in the second degree, drive-by shooting, vehicular assault, and vehicular homicide, when proximately caused by the driving of any vehicle by any person while under the influence of intoxicating liquor or any drug as defined by RCW 46.61.502, or by the operation of any vehicle in a reckless manner;

(b)   Any conviction for a felony offense in effect at any time prior to July 1, 1976, that is comparable to a felony classified as a violent offense in (a) of this subsection; and

(c)   Any federal or out-of-state conviction for an offense that under the laws of this state would be a felony classified as a violent offense under (a) or (b) of this subsection.

"[w]hen a person charged with a crime listed in subsection (1) of this section is found not guilty by reason of self-defense . . . ."[6]

The State first contends that the trial court erred in awarding attorney fees and costs under RCW 9A.16.110 for defending against a fourth degree assault charge. The State asserts that in amending that statute, the Legislature intended to limit acquittal/self-defense reimbursement costs to certain types of criminal charges, namely felonies.

In support of its contention, the State sets forth three arguments based upon statutory construction. First, the State asserts that the Legislature intended to limit the types of crimes for which reimbursement was available by replacing the "undefined and subjective term 'heinous' with the specific definition of violent crime." Second, the State asserts that the phrase "or any other violent crime as defined in RCW 9.94A.030" modifies the preceding list of crimes. According to the State, thus, the statute encompasses only the degrees of those generic crimes that the Legislature has labeled "violent" and misdemeanors are excluded because they are not defined as violent crimes under RCW 9.94A.030. Third, the State argues the Legislature did not intend that costs incurred in defending a crime not listed under RCW 9A.16.110 be reimbursed.

We disagree with the State's contention and instead hold that a proper interpretation of RCW 9A.16.110 entitles a defendant to reimbursement for fees and costs incurred in defending a fourth degree assault charge, where the defendant is found not guilty and to have acted in self-defense.

---

[6]The full text of RCW 9A.16.110(2) provides:

When a person charged with a crime listed in subsection (1) of this section is found not guilty by reason of self-defense, the state of Washington shall reimburse the defendant for all reasonable costs, including loss of time, legal fees incurred, and other expenses involved in his or her defense. This reimbursement is not an independent cause of action. To award these reasonable costs the trier of fact must find that the defendant's claim of self-defense was sustained by a preponderance of the evidence. If the trier of fact makes a determination of self-defense, the judge shall determine the amount of the award.

■■■■ Interpretation of a statute is a question of law subject to de novo review. *Rettkowski v. Department of Ecology*, 128 Wn.2d 508, 515, 910 P.2d 462 (1996); *Rismon v. State*, 75 Wn. App. 289, 291, 877 P.2d 697 (1994); *State v. Joswick*, 71 Wn. App. 311, 315, 858 P.2d 280 (1993). Where a statute is clear and unambiguous on its face, we derive its meaning from the wording of the statute itself, *Rismon*, 75 Wn. App. at 292, and need not resort to methods of statutory construction. *State v. Plaggemeier*, 93 Wn. App. 472, 477, 969 P.2d 519 (1999). But where a statute is ambiguous, that is, susceptible to two or more reasonable interpretations, we must engage in statutory construction to give effect to the underlying legislative intent. *Telford v. Thurston County Bd. of Comm'rs*, 95 Wn. App. 149, 158, 974 P.2d 886 (1999).

In construing a statute to carry out its manifest object, we resort to the following canons of statutory construction summarized from *City of Seattle v. Fontanilla*, 128 Wn.2d 492, 498, 909 P.2d 1294 (1996). We construe the statute as a whole, giving effect to all the language used. All provisions of an act must be analyzed in relation to one another, and, if possible, harmonized to ensure proper construction of each provision. But after such analysis, if the language remains susceptible to two constructions, one of which carries out and the other defeats the statute's manifest purpose, the former construction should be adopted. Additionally, RCW 9A.04.020, which sets forth general principles of construction for the criminal code, states that:

> [t]he provisions of this title shall be construed according to the fair import of their terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this title.

RCW 9A.04.020(2).

Thus, in interpreting RCW 9A.16.110[7] in its present form, we look first at the statutory language. Here, the

---

[7]In interpreting the plain language of the statutory text itself, we note that subsections (1) and (2) of the self-defense reimbursement statute are not logically

342

statute plainly lists assault without any degree, classification or other limitation. The statute does not limit reimbursement to felony assault, as the term "assault" remains unqualified. Moreover, RCW 9A.04.020(2) directs us to interpret the language of the statutory provisions of Title 9A RCW "according to the fair import of their terms" and when "the language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this title." Interpreting "assault," thus, to include all degrees of assault is consistent with the "fair import" of that term and in furthering the general purpose of the statute, namely, to reimburse individuals found not guilty by reason of defense, as Lee was here. Thus interpreted, "assault" necessarily includes all four degrees of that crime and not just felony assaults.

Our analysis is further supported by *Fontanilla*, 128 Wn.2d 492. In *Fontanilla*, the defendant was charged in Seattle Municipal Court with assault under municipal laws for twisting a co-worker's finger. Claiming the co-worker confronted her menacingly, the defendant argued that she defended herself by pushing the co-worker's hand away. The jury found the defendant not guilty and further found that she acted in self-defense.

The defendant then requested defense costs under RCW

---

consistent. The list of crimes referred to in subsection (1) limits reimbursement in the fourth situation in which reimbursement may be sought—namely, when "coming to the aid of another who is in imminent danger of or the victim of" one of the listed crimes. The crimes listed in subsection (1), thus, limit reimbursement by referring to the conduct of *perpetrator* which the defendant seeking reimbursement helped defend against.

In contrast, the list of crimes in subsection (2) limits reimbursement by referring to the conduct of the reimbursement-seeking defendant. The Legislature may not have intended this inconsistency, but we interpret the statute so that its overall purpose prevails. *See Wheeler v. Department of Licensing*, 86 Wn. App. 83, 86, 936 P.2d 17 (1997). Our duty is to interpret the statute's vague or ambiguous provisions in a manner consistent with its objective, and not to correct legislative mistakes. *See State ex rel. Hagan v. Chinook Hotel, Inc.*, 65 Wn.2d 573, 578-79, 399 P.2d 8 (1965). Rewriting the statute and correcting this inconsistency remains with the Legislature. *See also Millay v. Cam*, 135 Wn.2d 193, 203, 955 P.2d 791 (1998) (courts do not amend statutes by judicial construction or rewrite statutes to avoid difficulties in construing and applying them).

9A.16.110.[8] The municipal court concluded that it did not have the authority under the statute to order either the City of Seattle (City) or the State of Washington (State) to pay costs and denied Fontanilla's request. After the superior court affirmed, the Supreme Court granted direct review.

On appeal, the City and State argued that RCW 9A.04.090 limited reimbursement under RCW 9A.16.110 to "statutorily defined offense[s]." RCW 9A.04.090 provides that

[t]he provisions of chapters 9A.04 through 9A.28 RCW of this title are applicable to offenses defined by this title or another statute, unless this title or such other statute specifically provides otherwise.

According to the City and State, RCW 9A.04.090 limited reimbursement under RCW 9A.16.110 to only those crimes defined by Title 9A RCW or another statute. However, the Supreme Court, in interpreting former RCW 9A.16.110, rejected this argument.

The *Fontanilla* court acknowledged that RCW 9A.04.090 established "a general rule" that RCW 9A.16.110 was applicable to statutorily defined offenses. But the court further observed that RCW 9A.04.090 contained "an exception within it to the effect that the aforementioned general rule does not apply when 'such other statute specifically provides otherwise.' " *Fontanilla*, 128 Wn.2d at 499 (quoting RCW 9A.04.090). In the court's view, RCW 9A.16.110, the reimbursement statute, provided otherwise.

Examining RCW 9A.16.110's plain language, the court explained that the reimbursement statute contained two concepts: (1) its "purpose . . . [was] to insure that costs of defense shall befall '[n]o person in the state' if he or she acte[d] in self-defense"; and (2) "reimbursement is available when such person incurs costs in defending against some kind of 'legal jeopardy.' " *Fontanilla*, 128 Wn.2d at 500. As to the first concept, there was no doubt that the

---

[8]Fontanilla was tried before the Legislature amended RCW 9A.16.110.

defendant was a "person in the state" who acted in self-defense. But, more importantly, with respect to the second concept, the court explained that "the phrase 'legal jeopardy' is expansively modified to include 'legal jeopardy of any kind *whatsoever*.' " *Fontanilla*, 128 Wn.2d at 500.

In the court's view, the City and State's interpretation "essentially ignore[d] these words and [gave] them no meaning," in violation of the precept that a court "give meaning to every word in a statute." *Id*. The Supreme Court concluded, therefore, that "the Legislature intended this language to enlarge upon, rather than restrict, the meaning of 'legal jeopardy.' " According to the court, RCW 9A.16.110 provided for reimbursement "in any case where the trier of fact determines that the defendant acted in self-defense, regardless of whether the charged offense is defined by the Legislature or the legislative body of a political subdivision of the State." *Fontanilla*, 128 Wn.2d at 501.[9]

Our interpretation of the reimbursement statute is consistent with *Fontanilla*. Lee is a person within the State who the jury determined acted in self-defense. Furthermore, pursuant to the second principle embodied in RCW 9A.16.110, Lee, a person found not guilty by reason of self-defense, should not be placed in "legal jeopardy of any kind whatsoever." *See Fontanilla*, 128 Wn.2d at 500. And, as the *Fontanilla* court stated, our interpretation of "legal jeopardy" must be "expansive"—it should "enlarge upon" the meaning of "legal jeopardy."

Accordingly, based upon a fair reading of the statute in view of its objective, and in light of *Fontanilla*, reimbursement for acquittal of fourth degree assault is appropriate

---

[9]The State argues that *Fontanilla* is neither controlling nor instructive to our analysis because that court in that case interpreted RCW 9A.16.110 before it was amended in 1995. We disagree with the State's assertion. As discussed above, the *Fontanilla* court interpreted and rested its decision on a portion of the statute that was not amended by the Legislature, and, as such, that court's reasoning is instructive to our analysis.

and supported by the principles embodied in the reimbursement statute.

## District Court Jurisdiction

The State next contends that the superior court erred in determining that the district court had subject matter jurisdiction to enter a judgment against the State. Because we hold that reimbursement of self-defense costs applies to fourth degree assault, a gross misdemeanor, the district court had the authority to award such costs under RCW 9A.16.110. *See* RCW 3.66.060 (setting forth district courts' jurisdiction to hear criminal matters, which includes "gross misdemeanors committed within their respective counties").

## Interest Award[10]

The State further contends that interest cannot be taxed on an award under RCW 9A.16.110. We agree. In *State v. Thiessen*, 88 Wn. App. 827, 828, 946 P.2d 1207 (1997), we held that under the doctrine of sovereign immunity, a court could not hold the State liable for interest on its debt absent the State's consent. In that case, we held that the State did not give its consent, and, therefore, interest could not be awarded. Here, the State, as in *Thiessen*, did not consent to an award for interest, and, as such, both the district and superior courts erred in awarding Lee interest.[11]

## Attorney Fees and Costs on Appeal

Finally, the State contends that attorney fees and

---

[10]Lee argues the State failed to assert this issue below, and, therefore, is estopped from making this argument. *See* RAP 2.5(a). We disagree. A State's waiver of sovereign immunity cannot be inferred from silence, but must be unequivocally expressed. *North Sea Prods., Ltd. v. Clipper Seafoods Co.*, 92 Wn.2d 236, 241, 595 P.2d 938 (1979) (citations omitted). Here, the failure to assert the defense is not an unequivocal expression of consent and the State is not estopped from raising it on appeal. Moreover, we assume without so holding, that the State could not consent to waive sovereign immunity merely through a prosecutor's failure to raise the issue.

[11]We recognize that the district and superior courts awarded interest before we decided *State v. Thiessen*.

costs on appeal are not reimbursable expenses under RCW 9A.16.110. The State asserts the provisions of RCW 9A.16.110 apply only to fees and costs incurred while a defendant is defending against the criminal charge and not on appeal.

We rejected this argument in *State v. Jones*, 92 Wn. App. 555, 964 P.2d 398, 402 (1998). In *Jones*, we held that when a jury acquits a defendant and finds that the defendant acted in self-defense, the State must pay for postacquittal fees and costs reasonably incurred in the trial or appellate courts. *Id*. at 566-67. We noted that the Legislature intended to command the State to reimburse a defendant for reasonable fees and costs involved in "his or her defense," not "his or her *criminal* defense." *Id*. at 565 (emphasis added). Accordingly, as in *Jones*, we hold that the State must reimburse for reasonable costs and fees incurred in this case through final appeal.

Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.

MORGAN and SEINFELD, JJ., concur.