[No. 17643-6-III. Division Three. December 16, 1999.]

*In the Matter of the Detention of* ROBIN G. ALBRECHT, *Petitioner.*

*Susan M. Gasch*, for petitioner.

*Christine O. Gregoire, Attorney General*, and *Todd R. Bowers, Sarah Sappington*, and *Dawn C. Cortez, Assistants*, for respondent.

KURTZ, A.C.J. — The statutory scheme for the civil commitment of a sexual predator distinguishes between a person who is in confinement and a person who has been released into the community. In the latter instance, the State is required to allege and prove "a recent overt act." This is the result of the holdings of the Washington State Supreme Court in *In re Detention of Harris*, 98 Wn.2d 276, 284-85, 654 P.2d 109 (1982) and *In re Personal Restraint of Young*, 122 Wn.2d 1, 41-42, 857 P.2d 989 (1993). These cases hold that constitutional due process requires proof of a "recent overt act" in order to commit a person who has been released into the community from confinement.

Shortly after Robin G. Albrecht was released from prison and placed into the community under supervision, he was arrested and incarcerated for violating the terms of his community placement. While Mr. Albrecht was confined, the State filed a petition asking that he be committed as a sexual predator. The petition alleged a "recent overt act." Later, the State asked and received permission to amend its petition to omit this allegation. It is the State's position that because Mr. Albrecht was confined for a community placement violation, which is part of his original sentence, it need not allege and prove a "recent overt act."

RCW 71.09.030 states when the State is authorized to file a sexual predator petition, and RCW 71.09.060 states what the State must allege and prove in order to commit a sexual predator. The first statute distinguishes between a person "about to be released from total confinement," and a person who "has since been released from total confinement." The latter statute abandons these terms and instead requires proof of a "recent overt act" for a person "living in the community after release from custody."

We conclude that RCW 71.09 is ambiguous regarding to whom the requirement of "recent overt act" applies. Consequently, we apply principles of statutory construction and determine that the Legislature intended the "recent overt act" requirement to apply to any person the State alleges to be a sexual predator who has been released from total confinement in the custody of the Department of Corrections to community placement. The order of the superior court allowing the State to amend its petition is reversed.

Additionally, Mr. Albrecht has moved to exclude the public from the hearing and to seal the records. He asserts he is entitled to the same right of privacy that is afforded by our legal system to hearings involving the mentally ill. We conclude that there is a rational basis for treating the commitment proceedings for a sexually violent predator differently than commitment proceedings for the mentally ill.

For that reason, we affirm the order of the court denying Mr. Albrecht's motion.

## FACTS

Robin G. Albrecht has a history of sexually abusing young children. This history includes two convictions for indecent liberties, and a 1992 conviction for second degree child molestation.

On July 22, 1996, Mr. Albrecht was released to community placement in Tacoma after serving a prison term for his last conviction. One of the terms of his community placement was that he refrain from any direct or indirect contact with children. Less than 30 days after his release from prison, Mr. Albrecht was arrested for a violation of his community placement. It is alleged that he approached two brothers, ages 12 and 13, and offered them money if the boys would follow him. Mr. Albrecht did not contest the violation of his community placement and was sentenced to 120 days in jail.

On November 7, the State filed a petition alleging that Mr. Albrecht is a sexually violent predator, that he had committed a "recent overt act" (based upon the community supervision violation), and requesting that he be committed pursuant to RCW 71.09.020. At this time, Mr. Albrecht was being held in the Spokane County Jail serving his sentence on the violation of his community supervision. On November 13, an Order Affirming the Existence of Probable Cause was filed.

On June 11, 1998, the State moved to amend the petition to delete the allegation of a "recent overt act." The trial court granted this motion, finding that Mr. Albrecht was "totally confined" at the time the original petition was filed and the petition could be amended to reflect that the State need not prove a "recent overt act." Mr. Albrecht moved to close further commitment proceedings to the public and to seal the court file. The court denied his motion.

Mr. Albrecht filed a Notice for Discretionary Review on

July 6, 1998. The commissioner denied the motion. On November 18, we granted Mr. Albrecht's motion to modify the commissioner's ruling.

## ANALYSIS

Did the court err by allowing the State to amend the petition to omit the requirement of proving a recent overt act?

Mr. Albrecht contends that the State should not have been allowed to amend the commitment petition to remove the requirement of proving a recent overt act because he had been released into the community before the petition was filed. The State argues that because Mr. Albrecht was confined at the time the petition was filed, it need not prove a recent overt act.

RCW 71.09.030 states what the State must allege in order to file a sexually violent predator petition against an alleged predator. It provides that the alleged predator previously must have been convicted of a sexually violent offense and "is about to be released from total confinement." RCW 71.09.030(1). However, for the alleged predator who "has since been released from total confinement," it imposes the additional requirement of "a recent overt act." RCW 71.09.030(5). This is defined as "any act that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm." RCW 71.09.020(5).

RCW 71.09.060 establishes what the State must prove in order to commit an alleged predator. It states that "[i]f, on the date that the petition is filed, the person was living in the community after release from custody, the state must also prove beyond a reasonable doubt that the person had committed a recent overt act." RCW 71.09.060(1). Significantly, this statute does not repeat the term "total confinement" utilized in RCW 71.09.030 but instead refers to "living in the community after release from custody."

RCW 71.09 was amended in response to the Washington State Supreme Court's decision in *Young*, 122 Wn.2d at 41-

42, wherein the court held that proof of a recent overt act is necessary to satisfy due process concerns when an individual has been released into the community. The court went on to state that because incarcerated individuals live in the controlled environment of a prison, the requirement of a recent overt act would create a standard that would be impossible to meet. Accordingly, the court concluded that where an individual is incarcerated at the time the petition is filed, evidence of a recent overt act is not required.

Since *Young*, Division One has held that constitutional due process does not require the State to allege or prove a recent overt act if the alleged predator lived under circumstances that did not provide an opportunity to reoffend. *In re Detention of Henrickson*, 92 Wn. App. 856, 863, 965 P.2d 1126 (1998). In so doing, the court rejected the State's position that *Young* created a bright-line rule that if the alleged predator is currently incarcerated, evidence of a recent overt act is not required. *Henrickson*, 92 Wn. App. at 863. Mr. Henrickson had been living in the community for three and one-half years, pending the result of his trial and appeal, before being incarcerated for 50 months. One day before his release from prison, the State filed a petition that he be committed as a sexually violent predator. Mr. Henrickson moved to dismiss the State's petition because it did not allege a recent overt act. Division One concluded that because Mr. Henrickson was under constant, strict supervision after his arrest, due process did not require the State to prove a recent overt act. *Id.*

The State asks us to adopt the position rejected by *Henrickson* that RCW 71.09.030 creates a bright-line rule: If the alleged predator is incarcerated at the time the petition is filed, the State need not allege and prove a recent overt act. This is based upon its literal reading of RCW 71.09.030 that links the recent overt act requirement to incarceration status at the time the petition is filed. As applied to Mr. Albrecht, the State argues this means that it need not prove a recent overt act because he was incarcerated in the county jail for a community supervision violation on the date the petition was filed.

The State's argument is complicated by RCW 71.09.060. In the case of an alleged predator "living in the community after release from custody," that statute requires the State to prove a recent overt act beyond a reasonable doubt. What was Mr. Albrecht's status at the time the petition was filed? He had been released from prison to community supervision, but was serving 120 days in the county jail for a community supervision violation.

We can test the logic of the State's position by changing only slightly the facts in Mr. Albrecht's case. What if he had been living in the community under supervision for almost two years but was serving five days in jail for a DUI or some other minor community supervision violation? If the State had filed its petition on the day that he was incarcerated, would it be relieved of alleging and proving a recent overt act? We do not believe that the due process protection mandated by *Young* is so tenuous. If so, what would prevent the State from always initially proceeding with an allegation of a community supervision violation. For a person with a history of sex offenses, the conduct that the State believes constitutes a "recent overt act" would also likely be a violation of community supervision. The alleged predator could be incarcerated for the community supervision violation based upon proof of that conduct by a preponderance of the evidence. Once incarcerated, the State could file a sexually violent predator petition and be relieved of its obligation to allege and to prove a recent overt act by proof beyond a reasonable doubt.

Interpretation of a statute is a question of law subject to de novo review. *Rettkowski v. Department of Ecology*, 128 Wn.2d 508, 515, 910 P.2d 462 (1996). RCW 71.09 was amended by the Legislature after *Young* and should be interpreted in light of that decision. *State v. Calderon*, 102 Wn.2d 348, 351, 684 P.2d 1293 (1984); *Home Indem. Co. v. McClellan Motors, Inc.*, 77 Wn.2d 1, 3, 459 P.2d 389 (1969). If a statute is clear and unambiguous on its face, courts look to the wording of the statute itself, and need not resort to methods of statutory construction. *State v. Plaggemeier*,

93 Wn. App. 472, 477, 969 P.2d 519, *review denied*, 137 Wn.2d 1036 (1999). But if a statute is ambiguous, that is, susceptible to two or more reasonable interpretations, courts must engage in statutory construction to give effect to the underlying legislative intent. *Telford v. Thurston County Bd. of Comm'rs*, 95 Wn. App. 149, 158, 974 P.2d 886, *review denied*, 138 Wn.2d 1015 (1999). If the court finds it necessary to engage in statutory construction, the court should construe the statute as a whole, giving effect to all the language used. All provisions of the law should be analyzed in relationship to one another and, if possible, harmonized to ensure proper construction of each provision. *State v. Lee*, 96 Wn. App. 336, 341, 979 P.2d 458 (1999).

We conclude RCW 71.09.030 is ambiguous if read together with RCW 71.09.060. A literal reading of the statute supports the State's position. Because he was incarcerated on the day the petition was filed, Mr. Albrecht was "totally confined" as that term is defined in the criminal code. Former RCW 9.94A.030(35).[1]

However, RCW 71.09.030 must be consistent with RCW 71.09.060. It makes no sense for RCW 71.09.030, the statute that specifies the requirements for filing a sexually violent predator petition, to be in conflict with RCW 71.09.060, the statute that establishes the requirements for proof. And, RCW 71.09.060 makes the distinction mandated by *Harris* and *Young* not by referring to persons who are "released from total confinement" but by referring to persons who are "living in the community after release from custody." These terms must be analyzed in relationship to one another and, if possible, harmonized to ensure proper construction of each provision. *Lee*, 96 Wn. App. at 341.

The term "custody" is not defined either in RCW 71.09 or in RCW 9.94A, but it appears frequently in the criminal code and normally refers to the custody of the Department of Corrections. The presumptive sentence ranges set forth

---

[1]Now RCW 9.94A.030(38).

in RCW 9.94A.310 "are expressed in terms of total confinement." RCW 9.94A.370(1). Because Mr. Albrecht was sentenced to a term of more than one year, he was required to serve his time in a state institution. RCW 9.94A.190(1). Consequently, his judgment provides that "[t]he defendant is sentenced to a term of total confinement in the custody of the Department of Corrections[.]" Because Mr. Albrecht was sentenced "to a term of total confinement to the custody of the department of corrections for an offense categorized as a sex offense," his sentence included two years of community placement. RCW 9.94A.120(9)(b).

Mr. Albrecht's period of "community placement" began when he completed his term of confinement or, alternatively, when he was transferred to community custody in lieu of earned early release. Former RCW 9.94A.030(5).[2] "Community placement" means that period during which the offender is subject to the conditions of community custody. Former RCW 9.94A.030(5). "[T]he presumptive sentence ranges for total confinement do not include periods of community placement." *In re Personal Restraint of Caudle*, 71 Wn. App. 679, 680, 863 P.2d 570 (1993).

When Mr. Albrecht violated the terms of his community supervision, he was incarcerated pursuant to RCW 9.94A-.205(2)(a), which provides that "the department may impose a sanction of up to sixty days' confinement in a local correctional facility for each violation." Consequently, the "Order Modifying Community Supervision" entered in Mr. Albrecht's case provides: "The defendant shall serve 120 days in jail with credit for time served from 8-20-96. All original terms of community supervision are to remain in effect." In other words, he was not sentenced to a term of "total confinement to the custody of the department of corrections." Rather, Mr. Albrecht's community placement was continued and was in effect on the day that the sexual predator petition was filed.

In summary, we conclude RCW 71.09.030 and RCW

---

[2]Now RCW 9.94A.030(6).

71.09.060 distinguish between persons who are in the total confinement in the custody of the Department of Corrections or prison, and persons who have been released from the total confinement of that custody to community placement. Once a person has been released from total confinement and placed in the community subject to the conditions of community custody, he or she may be the subject of a sexual predator petition only if the State alleges a recent overt act. The order allowing the amendment of Mr. Albrecht's sexual predator petition to delete the recent overt act requirement is reversed.

Did the court err by denying Mr. Albrecht's motion to seal the court file and close the proceedings?

Mr. Albrecht contends he is entitled to the same equal protection of confidential commitment proceedings that is afforded mentally ill persons under RCW 71.05. Since sex offenders are neither a suspect nor semisuspect class for purposes of an equal protection analysis, the rational basis test is the proper test to analyze Mr. Albrecht's equal protection challenge to RCW 71.09. *State v. Ward*, 123 Wn.2d 488, 516, 869 P.2d 1062 (1994). Under the rational basis test, a classification is valid if it rests upon a legitimate state objective and is not wholly irrelevant to achieving that objective. *In re Personal Restraint of Stanphill*, 134 Wn.2d 165, 175, 949 P.2d 365 (1998); *State v. Manussier*, 129 Wn.2d 652, 673, 921 P.2d 473 (1996). The classification must be "purely arbitrary" to overcome the strong presumption of constitutionality. *State v. Smith*, 117 Wn.2d 263, 279, 814 P.2d 652 (1991). The burden of proof rests with the party challenging the classification. *Stanphill*, 134 Wn.2d at 175.

The equal protection clause of the Fourteenth Amendment and article I, section 12 of our constitution require that "persons similarly situated with respect to the legitimate purposes of the laws receive like treatment." *In re Personal Restraint of Knapp*, 102 Wn.2d 466, 473, 687 P.2d 1145 (1984), *quoted in In re Personal Restraint of* Young, 122 Wn.2d 1, 44, 857 P.2d 989 (1993). In *Young*, the court

held that sexual predators were considerably more dangerous than the mentally ill and that this distinction, along with the different treatment for the two populations, was rationally related to the distinctions between the two classes under their respective statutes. *Young*, 122 Wn.2d at 44-45. The court noted that equal protection does not require identical treatment for all persons, but that when a classification is made, it must have some relevance to the purpose for which it is made. *Id.* at 45; *Baxstrom v. Herold*, 383 U.S. 107, 111, 86 S. Ct. 760, 15 L. Ed. 2d 620 (1966).

There is a presumption that court proceedings shall be open to the public unless the court specifically finds that an overriding interest exists and closure is essential to preserve higher values. The closure order must be narrowly tailored to serve that interest. *In re Detention of D.A.H.*, 84 Wn. App. 102, 109, 924 P.2d 49 (1996).

In *D.A.H.*, the court found that during the initial probable cause determination, a party to a civil commitment proceeding under the sexual predator act, RCW 71.09, is similarly situated to a party under an involuntary commitment for mental illness, RCW 71.05. *D.A.H.*, 84 Wn. App. at 107-08. Proceedings under RCW 71.05 are closed to the public. Thus, the court held that equal protection requires that the same confidentiality and closure protections apply to proceedings under RCW 71.09. *D.A.H.*, 84 Wn. App. at 108. However, the court found that only closure of the probable cause hearing was required. The court reasoned that closure through the initial proceedings would permit "full disclosure of all information relevant to a determination of whether to proceed with a trial, while protecting persons found not to need such care and treatment from the potentially serious harm to those interests that may result from an open proceeding." *Id.* at 112. The court did not find that the remainder of the sexual predator commitment proceedings should be closed.

The procedures dealing with sexually violent predators need not mirror the procedures of RCW 71.05, given the different treatment needs of the populations subject to

438

those acts. The Supreme Court recently found that there is a rational basis for differentiating between sexually violent predators under RCW 71.09 and the mentally ill under RCW 71.05, and held that a committed sexually violent predator is not entitled to the presence of counsel during psychological evaluations. *In re Detention of Petersen*, 138 Wn.2d 70, 94, 980 P.2d 1204 (1999).

■ There is a rational basis for treating the commitment proceedings for a sexually violent predator differently than the commitment proceedings for the mentally ill. The State has a compelling interest in not only treating sexually violent predators, but in also protecting society from their actions. *Young*, 122 Wn.2d at 26. Under the definition of "sexually violent predators," only those persons who are likely to reoffend if not confined in a secure facility are classified as sexually violent predators. RCW 71.09.020(1). Society has an interest in being informed about the sex offender's case. Unlike the mentally ill, the sex offender has been shown to be dangerous. Permitting the public access to the sexual predator's court proceedings serves the compelling government interest of allowing the public to learn about his criminal history, the type of victims he targets and how he obtains access to victims. Treating sexually violent predators differently from persons committed under RCW 71.05 with respect to open proceedings is rationally related to a legitimate government objective and therefore does not deprive those committed under RCW 71.09 of equal protection of the laws.[3]

We conclude the court did not err by denying Mr. Albrecht's motion to seal the court file and to close the proceedings. We further conclude the order allowing the amendment of Mr. Albrecht's sexual predator petition to delete the recent overt act requirement is reversed.

[3]Our holding is consistent with *In re Detention of Campbell*, 139 Wn.2d 341, 986 P.2d 771 (1999) and *In re Detention of Turay*, 139 Wn.2d 379, 986 P.2d 790 (1999).

SWEENEY and BROWN, JJ., concur.

Petition for review granted and case remanded to the Court of Appeals at 141 Wn.2d 1018 (2000).